UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-60359 CIV-MIDDLEBROOKS/JOHNSON

JOSEPH NEWMAN, as Deputy Director of the
Housing Authority of the City of Fort Lauderdale,

       Plaintiff,

vs.

THE HOUSING AUTHORITY OF THE CITY
OF FORT LAUDERDALE,

       Defendant.

_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION FOR COSTS

This Cause comes before the Court on Defendant's Motion for Taxation of Costs (DE 50), filed November 29, 2006. The Court has reviewed the record and is fully advised in the premises.

Plaintiff Joseph Newman ("Newman") filed this complaint in the 17th Judicial Circuit Court in Broward County, Florida, alleging violations of the Florida Public Whistleblower's Act ("FPWA") and the First Amendment to the United States Constitution. Defendant removed the case to this Court on March 22, 2006. I granted Defendant's Motion for Summary Judgment on October 31, 2006 (DE 48). Defendant now moves as the prevailing party for taxation of its costs.

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "[e]xcept when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court

1

otherwise directs . . . ."

  28 U.S.C. § 1920 provides that :

A judge or clerk of any court of the United States may tax as costs the following:

(1)  Fees of the clerk and marshal,

(2)  Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)  Fees and disbursements for printing and witnesses;

(4)  Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5)  Docket fees under section 1923 of this title;

(6)  Compensation of court appointed experts, compensation of interpreter, and salaries, fees expenses, and costs of special interpretation services under section 1828 of this title.

  Under this section, recovery is limited to the costs incurred by the prevailing litigant and paid to a third party to the extent that such costs are for items which are necessary for use in the case, such as docket fees, marshal fees, deposition and witness expenses. While district judges have some discretion, such discretion should be "sparingly exercised with reference to expenses not specifically allowed by statute." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227 (1964). It is the prevailing party's burden to state its costs with the requisite specificity, and prevailing parties necessarily assume the risks inherent in a failure to meet that burden. *See Mares v. Credit Bureau of Raton,* 801 F.2d 1197, 1208 (10th Cir. 1986).

  Defendant also cites two additional statutes as a basis for a recovery of costs, 42 U.S.C. §

2

1988 and Fla. Stat. § 112.3187(9)(d).  Section 1988 is the statute relevant for taxation of costs in civil rights cases, while § 112.3187(9)(d) is the taxation statute for claims under the FPWA.  As a preliminary matter, I note that § 1988 makes no specific mention of costs in addition to those allowable under 28 U.S.C. § 1920.  Rather, section 1988 speaks to a court's discretion in awarding attorney's fees to the prevailing party, a request that the Defendant has not made.  *See* 42 U.S.C. § 1988.

In addition, taxation of fees and costs to a prevailing Defendant pursuant to § 1988 is limited to very defined circumstances.  The Supreme Court has held that in civil-rights cases the "plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."  *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1176 (11th Cir. 2005), *citing Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, (1978).  It follows from this holding that costs should also not be taxed absent the same circumstances, which I find do not exist in the present case.

The relevant portion of the Florida statute is as follows:

> (9) RELIEF. --In any action brought under this section, the relief must include the following:
>
> (a) Reinstatement of the employee to the same position held before the adverse action was commenced, or to an equivalent position or reasonable front pay as alternative relief.
>
> (b) Reinstatement of the employee's full fringe benefits and seniority rights, as appropriate.
>
> (c) Compensation, if appropriate, for lost wages, benefits, or other lost remuneration caused by the adverse action.

>  (d) Payment of reasonable costs, including attorney's fees, to a substantially prevailing employee, or to the prevailing employer if the employee filed a frivolous action in bad faith.

Fla. Stat. § 112.3187.

This statute is not relevant to the taxation of costs analysis, because I find that the Plaintiff did not file a frivolous action in bad faith. While the Defendant prevailed at the summary judgment stage, the Plaintiff's actions in bringing the suit did not meet a frivolous or bad faith standard. Therefore, the only statute to apply in determining the taxation of costs is 28 U.S.C. § 1920.

Defendant in its motion requests taxation of costs in the amount of $5,248.86. Plaintiff does not object to all of these requests, rather he cites several of the proposed costs as unrecoverable under the relevant statute. I will address Plaintiff's objections in turn.

Plaintiff first contests the $250 removal fee Defendant paid in removing the case from state to federal court, arguing that Defendant incurred this cost solely for its own convenience. However, 28 U.S.C. § 1920 (1) clearly allows for taxation of "fees of the clerk," and a removal fee is unquestionably a fee of the clerk. Therefore, the removal fee will be taxed to the Plaintiff.

Defendant's request for taxation of mediation fees is improper, as this is not recoverable under § 1920 and Defendant has cited no legal authority in support of the request. *See George v. GTE Directories Corp.,* 114 F.Supp. 2d 1281, 1300 (M.D. Fla. 2000).

Plaintiff also objects to certain service of process fees, arguing that Defendant's use of a "rush" service was merely for convenience. Defendant responds that the rush basis was needed due to the approaching deadline for discovery cut-off and dispositive motions in the Court's pretrial scheduling order.

The discovery cut-off date in the case was September 5, 2006, and the motion deadline was September 18, 2006.  Drs. Staller and Golden, along with Memorial Hospital, were served on August 17, 2006, while Dr. Hammerman was served on August 28, 2006.  The increased fee for rush services does seem appropriate in this case, given the proximity of the pretrial order deadlines.

The Defendant has also shown that the records from "Financial Accounts Service Team" were relevant to its defense of this action.  These documents were relevant to the issue of whether the Plaintiff had established businesses in another state before leaving his employment, and the Defendant reasonably chose to highlight this issue in its defense.  I therefore find that Defendant's request for taxation of $415 in service fees is appropriate.

Finally, Plaintiff objects to the amount of Defendant's request for court reporter fees.  However, Plaintiff does not state his objections with any specificity, merely stating that some of the services were for the convenience of defense counsel rather than necessary to litigating the case.  After reviewing Defendant's bill of costs, the only unrecoverable cost appears to be the appearance fee for the court reporter during Dr. Golden's deposition ($90).  Appearance fees of the court reporter are not listed in § 1920, and the Defendant cannot recover that cost.

In conclusion I find that $479.58 (cost of court reporter attendance and mediation fee) is not recoverable under § 1920.  Deducting this amount from Defendant's bill of costs leads to a cost figure of $4,769.28.

Accordingly, it is

ORDERED AND ADJUDGED that Defendant's Motion for Taxation of Costs (DE 50) is GRANTED IN PART.  Defendant's costs in the amount of $4,769.28 shall be taxed to the

5

Plaintiff.

DONE AND ORDERED in Chambers at West Palm Beach, FL, this 31st day of January 2007.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

copies to counsel of record